**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERTO GOMEZ-GOMEZ,

Defendant - Appellant.

No. 13-6211
(D.C. No. 5:10-CR-00281-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **O'BRIEN**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Alberto Gomez-Gomez pleaded guilty to one count of conspiracy to possess with

intent to distribute and to distribute methamphetamine, 21 U.S.C. § 846, and one

count of reentry of a removed alien, 8 U.S.C. § 1326(a).  He was sentenced to

concurrent terms of 240 months' imprisonment for each offense, to be followed by a

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

period of supervised release.  Despite the waiver, he appealed.  The government has moved to enforce the appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Mr. Gomez contends that the plea agreement should not be enforced for two reasons:  (1) the government breached the plea agreement—or otherwise acted unconstitutionally—by failing to ask the district court to vary or depart below the mandatory minimum sentence on the conspiracy count; and (2) the twenty-year mandatory minimum sentence is unconstitutional because it relied on a prior aggravated felony that was not alleged in the indictment, submitted to a jury, and found beyond a reasonable doubt.

Having examined the parties' submissions and the applicable law, we conclude that Mr. Gomez has failed to show that the government breached the plea agreement or acted unconstitutionally.  He has also failed to demonstrate that the twenty-year mandatory minimum sentence was unconstitutional in his case.

The motion to enforce is therefore granted, and this appeal is dismissed. Mr. Gomez's motion to seal his response to the government's motion is granted.

Entered for the Court
Per Curiam

- 2 -